# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD DEWAINE SCOTT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA STATE PRISON et al.,<br><br>　　　　　Respondents. | Case No. 2:24-cv-10066-JVS-RAO<br><br>ORDER SUMMARILY DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

　　　On November 15, 2024, Petitioner Floyd Dewaine Scott ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1.)  The Petition states that Respondents California State Prison and the Los Angeles County Transportation Department are in violation of California Department of Corrections and Rehabilitation ("CDCR") policy, as well as federal and state law, that requires inmates be provided three meals per day, two of which must be hot. (*Id.* at 1–2.) The Petition seeks an order directing Respondents to provide Petitioner with the meals to which he is entitled. (*Id.* at 8–9.)

　　　Rule 4 of the Federal Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a district court to dismiss a petition

when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, the Court concludes that summary dismissal of the Petition is required because Petitioner's claim is not properly brought as a habeas action.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). "[R]equests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Id.* In *Nettles v. Grounds*, the Ninth Circuit held that habeas corpus and civil rights are mutually exclusive remedies for prisoners. 830 F.3d 922, 929, 932 (9th Cir. 2016) (en banc). A claim lies at the core of habeas relief only if success would "necessarily lead to immediate or speedier release." *Id.* at 934. A Section 1983 action is the "exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Id.* at 927. To fall within the core of habeas corpus relief, a successful claim must "necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 929.

Here, Petitioner's claim regarding the alleged failure of Respondents to provide him with his daily meals does not fall within the core of habeas relief because, even if he were successful on his claim, such success "would not necessarily lead to his immediate or earlier release from confinement." *Nettles*, 830 F.3d at 935.

While there are circumstances when a habeas petition may be converted into a Section 1983 civil rights action, the Court concludes that conversion is inappropriate here. *See Nettles*, 830 F.3d at 935–36. A civil rights lawsuit differs from a habeas action in a variety of ways. For instance, prisoner civil rights actions are subject to a filing fee of $350, a heavier financial burden than the $5 habeas filing fee. *See* 28 U.S.C. § 1914. Ordinarily, a prisoner initiating a civil rights action must pay the filing fee up front or obtain permission to do so over time. *See* 28 U.S.C. § 1915. Here, the Court takes judicial notice that Petitioner, who has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), is ineligible to proceed *in forma pauperis*

absent certain criteria not applicable here and thus would be required to pay the full filing fee of $350.  *See* Order Denying Request to Proceed Without Prepayment of Filing Fees at 2, *Scott v. Fernald*, No. 2:22-cv-7855-JVS-RAO (C.D. Cal. dismissed Nov. 1, 2023), ECF No. 10 ("[Petitioner] has filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted (i.e., "strikes") pursuant to 28 U.S.C. § 1915(g).").  As Petitioner has not indicated a desire to pay the full fee, the Court declines to convert the instant habeas matter to a Section 1983 civil rights action.[1]

Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court concludes that a certificate of appealability is not warranted.

For the foregoing reasons, IT IS ORDERED that the Petition is DISMISSED without prejudice for lack of jurisdiction.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

DATED:  December 16, 2024

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

[1] The Petition was not accompanied by a filing fee or a request to proceed without prepayment of the full filing fee.  *See* Dkt. No. 2.